UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEOPLEREADY, INC,<br><br>　　　　Defendant. | No. 2:23–cv–306–DAD–KJN PS<br><br>ORDER STRIKING FIRST AMENDED COMPLAINT AND CALL FOR JOINT STATEMENT |

    This action has been assigned to Chief Magistrate Judge Kendall J. Newman. Because at least one party proceeds without the assistance of counsel, the Local Rules dictate the Magistrate Judge will (1) resolve all non-dispositive matters, and (2) conduct all hearings and issue findings and recommendations on any dispositive matters. See Local Rule 302(c)(21).

    Should the parties wish to consent to the jurisdiction of the Magistrate Judge for all purposes, including for the entry of final judgment, they may do so using the court's "Consent to Assignment or Request for Reassignment" form. See 28 U.S.C. § 636(c). Although it is encouraged, there is no obligation to consent, and under Federal Rule of Civil Procedure 73(b)(1), the judges will not be notified of a party's choice unless all parties have consented. Because a consent designation assists the court in determining how the action will be administratively processed, the parties are instructed to make their election and notify the Clerk of the Court within 30 days of this order.

The parties are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition.  See Local Rule 160.

Finally, plaintiff  is reminded that while this court liberally construes filings by parties who are not represented by counsel, pro se parties are still required to comply with the Federal Rules, the court's Local Rules, and all orders of the court.  This includes an obligation to confer in good faith with defense counsel on the above matters.  Under Local Rule 110, a failure to do so "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court," including monetary sanctions, the striking of a pleading or motion, or dismissal of the case.

Regarding the duty to follow the proper procedural rules, the court notes that on March 22, 2023, plaintiff filed a document entitled "first amended complaint."  This filing, however, runs afoul of Rule 15 of the Federal Rules of Civil Procedure.  Under that Rule, a plaintiff may file an amendment without the court's permission if it is filed within 21 days of service of his original complaint, or within 21 days of any responsive filing by defendant.  Here, plaintiff filed his original complaint in California Superior Court on January 8, 2023, and defendant filed its answer on February 17, 2023.  (See ECF No. 1.)  Thus, plaintiff needed to file his amended complaint (if seeking to do so without the court's permission) by March 10, 2023.  The "first amended complaint" shows plaintiff signed it March 19th, and the court received it on March 22nd.  Because this filing was improper, the court strikes it from the docket.[1]

Setting aside plaintiff's "first amended complaint" filing, the court observes that defendants have answered the original complaint (see ECF No. 1) and the time for any remand motion has expired.  Thus, the case requires scheduling.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's filing at ECF No. 5, the "first amended complaint" is STRICKEN.

---

[1] This is not to say plaintiff cannot file a first amended complaint.  To do so, however, he must follow Rule 15(a)(2) (requiring consent of the other parties or a court order for amendments).  Given that the court is ordering the parties to confer over discovery deadlines, plaintiff should first attempt to secure defendant's written consent to the filing of a first amended complaint.  If defendant does not consent, plaintiff may then file with the court a motion to amend, along with a proposed amended complaint.

2

2. Within 30 days of this order, the parties shall discuss, in person or by telephone, their obligations to transmit mandatory disclosures to the other parties, as required by Federal Rule of Civil Procedure 26. During their meeting, the parties shall discuss whether this case should be stayed and referred to mediation in the court's Voluntary Dispute Resolution Program. The parties should also confer on discovery deadlines, and defendants should consider whether it is proper for them to provide written consent to plaintiff in order for him to amend the complaint.

3. Within 14 days after this conferral, the parties shall file a joint status report with the court for the entry of a pretrial scheduling order. This report shall address the relevant portions of Local Rule 240(a) including subsections (1), (2), (4), (8), (11), (12), (16), (17), and (18); shall include the parties' statement(s) of the case; shall address the issue of plaintiff's intent to amend the complaint; and may address any other matters the parties believe are important for scheduling purposes.

4. A remote hearing shall take place on Tuesday, May 16, 2023, at 9:00 a.m. The parties will receive instructions from the court on how to appear as the hearing date approaches.

Dated: March 28, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hill.306