UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>PEOPLEREADY, INC,<br><br>    Defendant. | No. 2:23–cv–306–DAD–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS;<br>ORDER STAYING DISCOVERY<br><br>(ECF No. 7.) |

Presently before the court are the scope of the pleadings and scheduling of this case.[1]

Regarding the former, the court has considered the parties' positions from their briefing and the arguments made at the May 16, 2023 hearing. (ECF Nos. 6, 7, 11.) For the reasons stated below, the court recommends plaintiff's motion to amend be DENIED and the case be allowed to proceed on plaintiff's claim under Cal. Lab. Code § 98.6 only. The court also recommends that the doe defendants be DISMISSED from this case.

Regarding scheduling, all discovery in this matter, including the parties' obligations to transmit initial disclosures, is STAYED until resolution of these findings and recommendations by the district judge. Once the F&Rs are resolved, the undersigned will lift the stay and issue the scheduling order for this case.

---

[1] This matter was referred to the undersigned per 28 U.S.C. § 636(c) and Local Rule 302(c)(21).

1

**Background**

Plaintiff filed a complaint in California Superior Court against defendant PeopleReady, Inc. and two Doe defendants, asserting claims under (i) 42 U.S.C. § 1983 for an alleged violation of his First Amendment rights and (ii) Cal. Labor Code § 98.6, which prohibits retaliation against employees who report violations of state or federal laws or regulations. Plaintiff alleges he was fired in 2022 after he informed his supervisors he would be contacting the Labor department to report PeopleReady's alleged failure to pay him his full wages. Defendant denies the allegations, contending it fired plaintiff pursuant to his status as an at-will employee. (See ECF Nos. 1; 10.)

Shortly after answering the complaint, defendant removed to this court pursuant to both federal question and diversity jurisdiction. (ECF No. 1.) The court found the case ripe for scheduling and ordered a joint statement from the parties. (ECF No. 6.)

Plaintiff then moved to amend his complaint, seeking to add a Title VII retaliation claim and to clarify his § 1983 claim based on similar facts stated in the original complaint. (ECF No. 7.) Defendant opposed, arguing the Title VII and § 1983 claims were not cognizable and so amendment would be futile. (ECF No. 8.) Defendant also contended a motion on the pleadings would be proper on the First Amendment claim asserted in the original complaint, as § 1983 claims cannot lie against private parties like PeopleReady. Finally, PeopleReady contended the court should dismiss Doe defendants (two of plaintiff's former supervisors) because they are disfavored in federal court. (Id.) The court stated it would take up the scope of the pleadings at the upcoming scheduling conference. (ECF No. 9.)

At the May 16, 2023 hearing, plaintiff reasserted his intent to seek amendment of the complaint and maintain his First Amendment claim under § 1983, contending it, the Title VII claim, and the Labor Code claim were all viable claims. Defendant admitted that the Labor Code claim should proceed to discovery, but reasserted its opposition to amendment and requested the court clarify the scope of the pleadings.[2]

---

[2] The court construes the parties briefing and statements at the May 16th hearing as defendant's request for judgment on the pleadings on the § 1983 claim in the original complaint. See Fed. R. Civ. P. 7(b) (noting a motion must be made (A) in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought).

**I.     Scope of the Pleadings**

**Legal Standards**

After the first amended pleading of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). However, leave to amend may be denied when any of the following factors are at play: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether there has been previous amendment. United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011). A plaintiff's proposed amendments are futile if the amended complaint would be subject to dismissal. Corinthian Colleges, 655 F.3d at 995. "The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Karol v. Med-Trans, 2012 WL 3862148, at *4 (E.D. Cal. Sept. 5, 2012).

Under Rule 12(b)(6), a complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Under Rule 12(b)(6), the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

///

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. The court inquires whether the complaint at issue contains "sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." Harris v. Cnty. of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012)  A Rule 12(c) motion follows the same standard as a motion to dismiss under Rule 12(b)(6). Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Thus, it may be predicated on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal claim. Mays v. Wal-Mart Stores, Inc., 354 F. Supp. 3d 1136, 1141 (C.D. Cal. 2019) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).

**Analysis**

Accepting the facts asserted in plaintiff's proposed first amended complaint as true, allowing plaintiff to amend and assert the claims therein would be futile. Corinthian Colleges, 655 F.3d at 995. Additionally, the § 1983 claim in the original complaint is not cognizable and should be dismissed. Harris, 682 F.3d at 1131.

For plaintiff's proposed retaliation claim under Title VII, the court looks to the text of the retaliation statute. 42 U.S.C. § 2000e-3 "Other unlawful employment practices" provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice <u>made an unlawful employment practice by this subchapter</u>, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing <u>under this subchapter</u>.

42 U.S.C.A. § 2000e–3 (emphasis added). In other words, this provision only protects employees "from retaliation for complaining about the types of discrimination [Title VII] prohibits." Harris v. Treasure Canyon Calcuim Company, 132 F.Supp.3d 1228, 1246 (D. Id. 2015) (citing Hamm v. Weyauwega Milk Products, Inc., 332 F.3d 1058, 1066 (7th Cir. 2003) (overruled on other grounds)). Plaintiff's proposed retaliation claim would fail because he alleges defendant retaliated against him after plaintiff threatened to report the company's failure to pay wages to the Labor Department, and Title VII does not protect against this kind of act. Thus, the district judge should deny plaintiff's proposed amendment as futile. Corinthian Colleges, 655 F.3d at 995.

4

As to plaintiff's proposed claim under 42 U.S.C. § 1983, these generally do not lie against a private individual or business entity that does not act under color of state law. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002). Therefore, plaintiff cannot allege a claim for violations of his First Amendment rights against defendant PeopleReady. Given this fact, the district judge should deny plaintiff's motion to amend and dismiss the Section 1983 claim from the original complaint. Corinthian Colleges, 655 F.3d at 995; Harris, 682 F.3d at 1131.

**II.   Doe Defendants**

Named defendant PeopleReady seeks dismissal of the two Doe defendants described in the complaint. The court concurs. The use of Doe pleading is disfavored in federal court, especially where the complaint would be dismissed on other grounds. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Under California law, a cause of action for retaliation "lies only against the employer, not against the supervisor through whom the employer commits the tort." Lloyd v. Cnty. of Los Angeles, 172 Cal. App. 4th 320, 330 (2009).

If plaintiff uncovers information during discovery that indicates a named individual may be liable for a claim associated with this case, plaintiff may file a motion to amend the complaint to add these individuals and claims.

**III.   Case Scheduling and Discovery Obligations**

The court will table the scheduling order for the time being, and will not order the parties to a settlement conference at this time. As discussed at the hearing, the scope of this case is pegged to the district judge's final order on these findings and recommendations, which require an objections period and time for the district judge to review. Given that the district judges in this court are dealing with a backlog of criminal and civil matters, resolution of these findings and recommendations may take some time. Because of this likely delay, the undersigned finds it unwise to set discovery dates in this case at this time. Initial disclosures are not required at this time either, as those disclosures may look different depending on the ultimate scope of the claims. Finally, though the court appreciates the parties' willingness to attend a settlement conference with a magistrate judge, ordering the parties to one now is unwise until after the pleadings are set, as the scope of any settlement will also depend on the scope of the claims found cognizable.

1    Therefore, the court finds good cause to stay all discovery obligations until the district
2    judge rules on these findings and recommendations.  Once the pleadings are set, the undersigned
3    will lift the stay and issue further orders regarding scheduling.  At that point, the parties can
4    consider whether they wish to participate in a settlement conference with a magistrate judge.

**ORDER and RECOMMENDATIONS**

Accordingly, it is hereby ORDERED that all pleading, motion, and discovery in this case is STAYED until the district judge has resolved these findings and recommendations.

Further, it is RECOMMENDED that:

1. Plaintiff's motion to amend the pleadings (ECF No. 7) be DENIED as futile;
2. Plaintiff's Section 1983 claim, as stated in the original complaint, be DISMISSED for failure to state a claim and further leave to amend be denied on this claim;
3. Doe defendants be DISMISSED from the original complaint; and
4. The parties be allowed to proceed on plaintiff's claim under Cal. Labor Code Section 98.6 as against defendant PeopleReady.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 17, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lewi.1927