UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>PEOPLEREADY, INC.,<br><br>    Defendant. | No. 2:23-cv-00306-DAD-KJN<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. Nos. 7, 12) |

    Plaintiff Kenneth Hill is proceeding *pro se* in this civil action, which defendant removed to this federal court on February 17, 2023. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On May 18, 2023, the assigned magistrate judge issued findings and recommendation recommending that plaintiff's motion for leave to file an amended complaint (Doc. No. 7) be denied because both of plaintiff's proposed additional claims would fail. (Doc. No. 12 at 4–5.) First, the magistrate judge found that plaintiff's proposed retaliation claim under Title VII would not be cognizable because "he alleges defendant retaliated against him after [he] threatened to report the company's failure to pay wages to the Labor Department, and Title VII does not protect against this kind of act." (*Id.* at 4.) Second, as for plaintiff's claim brought under 42 U.S.C. § 1983 alleging that defendant violated his First Amendment free speech rights, the magistrate

1

1  judge found that plaintiff's proposed clarifications would not save that claim from dismissal
2  because defendant PeopleReady is a private entity and was not acting under color of state law.
3  (*Id.* at 5.)  Accordingly, the magistrate judge recommended that plaintiff's § 1983 claim be
4  dismissed due to plaintiff's failure to state a cognizable claim.  (*Id.*)  In addition, the magistrate
5  judge recommended that the Doe defendants be dismissed due to plaintiff's failure to state a
6  claim.  (*Id.*)  The pending findings and recommendations were served on the parties and
7  contained notice that any objections thereto were to be filed within fourteen (14) days after
8  service.  (*Id.* at 6.)  On June 9, 2023, plaintiff filed objections to the pending findings and
9  recommendations.  (Doc. No. 13.)  Defendant filed a response thereto but did not file objections
10 of its own.  (Doc. No. 14.)

11     In his objections, plaintiff states that the clarification he seeks to make in his complaint is
12 that his First Amendment claim is not "founded on" § 1983 but is rather based on the United
13 States Constitution.  (Doc. No. 13.)  This clarification does not save plaintiff's claim from
14 dismissal, however, because defendant is a private entity, not a government actor, and thus
15 plaintiff cannot state a cognizable First Amendment free speech claim against defendant.  *See*
16 *Manhattan Cmty. Access Corp. v. Halleck*, ___ U.S. ___, 139 S. Ct. 1921, 1926 (2019) ("The
17 Free Speech Clause of the First Amendment constrains governmental actors and protects private
18 actors."). Accordingly, plaintiff's objections provide no basis upon which to reject the pending
19 findings and recommendations.

20     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
21 *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's
22 objections and defendant's response, the court concludes that the findings and recommendations
23 are supported by the record and by proper analysis.

24     Accordingly:

25 1.  The findings and recommendations issued on May 18, 2023 (Doc. No. 12) are
26     adopted in full;

27 2.  Plaintiff's motion for leave to file an amended complaint (Doc. No. 7) is denied;
28 /////

3. Plaintiff's § 1983 claim is dismissed without leave to amend due to plaintiff's failure to state a cognizable claim;

4. The Doe defendants named in plaintiff's operative original complaint are dismissed, without prejudice, due to plaintiff's failure to state a cognizable claim against the Doe defendants;

5. This action proceeds on plaintiff's claim brought under California Labor Code § 98.6 against defendant PeopleReady; and

6. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **June 20, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE