UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>            Plaintiff,<br><br>     v.<br><br>PEOPLEREADY, INC,<br><br>            Defendant. | No. 2:23–cv–306–DAD–KJN PS<br><br>ORDER ON DEFENDANT'S MOTION TO COMPEL AND<br>ORDER TO SHOW CAUSE<br><br>(ECF No. 19.) |

On October 5, 2023, defendant filed a motion to compel discovery, seeking plaintiff's initial disclosures as required by the court's scheduling order and Rule 26 of the Federal Rules of Civil Procedure.[1] (ECF No. 19.) Defendant notes the court's order for the parties to exchange initial disclosures by September 14, 2023, plaintiff's failure to meet this deadline or seek an extension of time to do so, and his failure to confer with defense counsel over the matter. (See id.) The matter was set for a November 14, 2023 hearing before the undersigned, and plaintiff was served with notice from the court and defense counsel. Despite this, plaintiff failed to appear at the hearing.

For the following reasons, defendant's motion to compel (ECF No. 19) is GRANTED. Plaintiff is also ordered to show cause why attorneys' fees should not be awarded and why

---

[1] The matter proceeds before the undersigned pursuant to Local Rule 302(c)(1) and (21).

1

monetary sanctions should not issue.

**Legal Standards**

Federal Rule of Civil Procedure 26(a)(1) requires each party to disclose to the other side (among other things) the names of individuals, descriptions of documents, or any other information the party may use to support their claims and defenses. "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. Proc. 37(a)(3)(A).

The court has broad discretion to issue sanctions where a party fails to comply with the Federal Rules, Local Rules, or a Court Order. Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983); see also Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 183(a) (providing that a party unrepresented by counsel who fails to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may result in sanctions). These sanctions may include involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b). See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

**Analysis**

In the afternoon of November 14th, plaintiff called the undersigned's courtroom deputy to indicate he had a family emergency and could not attend the hearing that already occurred that

morning. Setting this issue aside, it does not excuse plaintiff's actions leading up to the hearing. Plaintiff failed to follow Rule 26 and the court's scheduling order by failing to submit initial disclosures by the deadline. Plaintiff failed to confer with counsel or seek an extension of time to submit the disclosures. Plaintiff did not participate in the drafting of the joint statement or file any kind of opposition to defendant's motion to compel. Given these facts, the court grants defendant's motion to compel.

Defendant requests plaintiff be ordered to pay $1,699 in attorneys' fees for having to bring this motion, and the fee appears reasonable. (See ECF No. 19-2.) However, the court notes that plaintiff previously received a fee waiver from the Superior Court. (See ECF No. 1 at 42.) Thus, the court is concerned that awarding attorneys' fees and a monetary sanction may have little effect. Other sanctions for plaintiff's failure to submit initial disclosures could include a finding that plaintiff has no names of individuals, documents, or other information to support his claims, but this would essentially result in dismissal of his case—which may be the court's only option herein. Ferdik, 963 F.2d at 1260. Accordingly, plaintiff shall respond, in writing, within 14 days, why attorneys' fees should not be awarded and why monetary sanctions should not issue for failure to follow the Federal Rules, Court Rules, and the Court's Orders.

Accordingly, IT IS ORDERED that:

1. Defendant's motion to compel (ECF No. 19) is GRANTED;
2. Within 14 days of this order, plaintiff shall show cause in writing sanctions should not issue for his failure to comply with the Federal Rules, the Court's Local Rules, and the Scheduling Order; and
3. Failure to timely comply with the terms of this order will result in a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: November 16, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hill.306

3