UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>            Plaintiff,<br><br>      v.<br><br>PEOPLEREADY, INC,<br><br>            Defendant. | No.  2:23–cv–306–DAD–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS; ANCILLARY ORDER |

On October 5, 2023, defendant filed a motion to compel discovery, seeking plaintiff's initial disclosures as required by the court's scheduling order and Rule 26 of the Federal Rules of Civil Procedure.[1]  (ECF No. 19.)  The court held a hearing on November 14, 2023, but plaintiff failed to appear despite efforts by court staff to contact him by phone, email, and mail.  (ECF No. 21.)  Later that afternoon, plaintiff left a voice message with the undersigned's courtroom deputy indicating he had a family emergency and could not attend the hearing.  (See ECF No. 16.)

On November 16th, the court ordered plaintiff to show cause in writing sanctions should not issue for his failure to comply with the Federal Rules, the Court's Local Rules, and the Scheduling Order.  (ECF No. 22.)  In this order, the court stated:

> Setting [the] issue [of the missed hearing] aside, it does not excuse plaintiff's actions leading up to the hearing.  Plaintiff failed to

---

[1] The matter proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

> follow Rule 26 and the court's scheduling order by failing to submit initial disclosures by the deadline. Plaintiff failed to confer with counsel or seek an extension of time to submit the disclosures. Plaintiff did not participate in the drafting of the joint statement or file any kind of opposition to defendant's motion to compel.

Given these facts, the court granted defendant's motion to compel, requiring plaintiff to submit his initial disclosures. (Id.) The court also found attorney fee sanctions warranted, but was concerned this would have little effect given plaintiff's prior fee waiver in California Superior Court. (Id.) Thus, plaintiff was warned that his case could be facing dismissal if he failed to submit his initial disclosures and failed to respond to the court's order. (Id.) Plaintiff was ordered to respond within 14 days. (Id.) Plaintiff was also warned that failure to timely comply with the terms of the order would result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.) A month has passed without any response from plaintiff.

### Legal Standards

The court has broad discretion to issue sanctions where a party fails to comply with the Federal Rules, Local Rules, or a Court Order. Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983); see also Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 183(a) (providing that a party unrepresented by counsel who fails to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may result in sanctions). These sanctions may include involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b). See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to

comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

**Analysis**

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to prepare their defense by starting with an examination of plaintiff's evidence that should have been disclosed in his Rule 26 initial disclosures. With the passage of time, witnesses' memories fade and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. Specifically, the court, cognizant of plaintiff's unrepresented status, held a hearing on defendant's motion to compel, but plaintiff failed to show. True, plaintiff called chambers to let the court know why he missed the hearing, but he offered no reason why he had not submitted his initial disclosures. Thus, instead of recommending dismissal at that time, the court provided another opportunity for plaintiff to respond to the court's order and provide his disclosures to defendant. The court stated it was open to monetary sanctions, and warned that a failure to respond to that order would result in a recommendation of dismissal. Simply, plaintiff has offered no reason why he has failed to prosecute his case and respond to defendant and the court. This leaves the court with little alternative but to recommend dismissal.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors.  Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules and court's orders that precludes a resolution on the merits.  Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

## RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that:

1. The action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

## ORDER

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations.  With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

Dated:  December 15, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hill.306

4